NO. 07-01-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 11, 2001

_____

MARVIN WARE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;

NO. 858829; HONORABLE JON N. HUGHES, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Marvin Ware has given notice of appeal from a conviction and sentence in Cause No. 858,829 in the 174th District Court of Harris County, Texas (the trial court), for theft by a public servant. The appellate court clerk received and filed the trial court clerk's record on April 17, 2001, and received and filed the trial court reporter's record on April 18, 2001.

Pursuant to motions by counsel for appellant, this court has granted two extensions of time for filing appellant's brief. On August 14, 2001, the appellate clerk notified appellant's counsel that extension of time for filing of appellant's brief was extended to October 10, 2001, and that a status report was to be filed with the appellate clerk on or before September 15, 2001.

By letter dated September 17, 2001, the clerk advised counsel for appellant that the status report due on September 15, 2001, had not been received and requested that the report be forwarded. The clerk has not received a status report, response to the letter of September 17th, appellant's brief or a motion for extension of time for filing of the brief.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether counsel for appellant has abandoned the appeal; (2) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

2

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than January 15, 2002.


Per Curiam


Do not publish.

3